[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SANCTIONS
The plaintiffs seeks damages for injuries allegedly sustained in an automobile accident which occurred as the result of the defendant's negligence. The pleadings are closed, and the case has been claimed for a trial by jury. In July of 1998, the plaintiffs moved to refer this case to the mandatory arbitration program, pursuant to Public Act 97-24. The defendant objected on the basis of his claim that "there is no liability on his part whatsoever for any damages or injuries claimed by the plaintiffs. Consequently, the defendant will make no voluntary payment to any of these plaintiffs unless ordered to do so by a jury. Therefore, defendant's counsel believes that the arbitration program would be a waste of the court's time, as well as the plaintiffs and their counsel."
The undersigned granted the motion to refer the case to the arbitration program and overruled the defendant's objection. The purpose of the arbitration program is to provide a vehicle whereby cases with a maximum full fair value of $50,000 can be resolved fairly and expeditiously. Such a resolution includes the possibility that the arbitrator's decision will be that there is no liability on the part of the defendant. Indeed, the undersigned is aware of several such results since the previously existing arbitration program was expanded by Public Act 97-24. Therefore, the mere fact that the defendant denies liability is not a reason for denying a motion for referral to this program.
Additionally the instant defendant would not be the first to state that he is not liable for a plaintiff's injuries and that he will never willingly make a payment to settle such a case, CT Page 11492 only to do exactly that some time later. If presiding judges were to take at face value every "no pay" statement made by the defense, even assuming that such statements are made in good faith at the time that they are made, cases would never be resolved without trial.
The plaintiffs have also moved for sanctions against the defendant for filing what they term an "improper and inappropriate" objection to their motion to refer to the arbitration program. They argue, correctly, that Public Act 97-24 does not specifically provide for the disqualification of a matter from the arbitration process on the grounds that one party is an unwilling participant. They claim that they are entitled to a sanction of reasonable attorney's fees for having to respond to the defendant's objection.
The defendant quite accurately responds that referral to the arbitration program is discretionary with the court. He argues that alerting the court to his position regarding liability and unwillingness to settle is no more than an effort to guide the court's discretion so that it does not waste the program's time and resources on cases which it cannot resolve. The defendant also voices his concern that by seeking arbitration in a case where they know the defendant will not pay any arbitrated award, the plaintiffs are really seeking to "go to the head of the line" by seeking entry into the arbitration program and obtaining thereby an award which they know the defendant will not pay. They know that this will result in the defendant's request for a trial de novo, which the plaintiffs will follow with a motion for immediate assignment for trial in accordance with the procedure which is permitted by this courthouse.
Assuming, arguendo, that the latter scenario is part of the plaintiffs' motivation, the strategy would be unsound indeed if the defendant is correct in his contention that he bears absolutely no liability for the plaintiff's injuries. It would be the defendant, rather than the plaintiffs, who would benefit under these circumstances by an early trial and resolution. If, of course, the arbitrator finds in favor of the defendant, it will be up to the plaintiff to request a trial de novo, and it will be the defendant, rather than the plaintiffs, who will have the option of requesting immediate assignment for trial. The experience of the arbitration program to date suggests that it is not being abused in the manner suggested by the defendant, and that the vast majority of cases referred to the program are being CT Page 11493 resolved, most by way of financial settlement, but some by way of judgments in favor of the defendant or withdrawal of the action.
In summary, the plaintiffs have every right to request that this case be referred to arbitration. The defendant has every right to object and to advance any reasons he wishes as grounds for denying the request for referral. This court does not believe that a defendant's stated position that he is not liable for a plaintiff's injury and that he will not willingly make any payment to resolve such a case is a sufficient reason to deny referral to the program. On the other hand, the court does not believe that the interposition of such an objection by a defendant should in any way expose such a defendant to sanctions.
The plaintiffs' motion for sanctions is therefore denied, and the objection to that motion is sustained.
Jonathan E. Silbert, Judge